**PRESTIGE LEGAL SOLUTIONS, P.C.**
Michelle Yang, Esq. (SBN 325467)
myang@plsfirm.com
6420 Wilshire Blvd., Ste. 1400
Los Angeles, CA 90048
Telephone: (310) 758-1283
Fax: (310) 933-5821

Attorneys for Plaintiff,
**EDGAR I. ORTIZ**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDGAR I. ORTIZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL MOTORS LLC, a Delaware limited liability company, and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 5:25-cv-01921<br><br>HON. JUDGE MONICA RAMIREZ ALMADANI<br><br>**NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Complaint Filed: March 14, 2025<br><br>[*Filed concurrently with the Declaration of Michelle Yan*]<br><br><u>HEARING</u><br>Date: October 6, 2025<br>Time: 1:30 p.m.<br>Courtroom: 9B |

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Los Angeles, CA 90048

**TO THE HONORABLE COURT, ALL INTERESTED PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 6, 2025, in Courtroom 9B of the Central District Court of California, Plaintiff Edgar I. Ortiz ("Plaintiff"), will and hereby does move this Court for an Order remanding the above-entitled action back to the Superior Court of the State of California for the County of Los Angeles pursuant to Federal Rules of Civil Procedure 28 U.S.C. § 1447(c).

Plaintiff moves for remand on the following grounds:

1. Defendant waived its right to remove under 28 U.S.C. § 1446(b)(1) by failing to file a notice of removal within 30 days of receiving Plaintiff's Complaint, which asserted a **federal cause of action under the Magnuson-Moss Warranty Act.**
2. Defendant waived its right to remove pursuant to 28 U.S.C. § 1446(b)(3) because it did not file for removal within 30 days after receipt of an alleged amended pleading or other paper;
3. Defendant failed to establish removal is substantively proper.

Plaintiff also requests an award of attorney's fees and cos in the amount of $2,713.50. Against Defendants pursuant to 28 U.S.C §1447(c).

This motion is based upon the supporting Memorandum of Points and Authorities, the Declaration of Michelle Yang, Esq., the papers and pleadings on file in this action, and upon such further matters that may be presented at the hearing.

As required under Local Rule 7-3, all Parties conducted Microsoft Teams meet-and-confer conferences on August 1, 2025, and again on August 6, 2025, raising, among other things, the issue of the timeliness of Defendant's removal. Despite Plaintiff's offer to stipulate to remand, Defendant has not agreed to do so as of the date of this filing (Declaration of Michelle Yang ¶ 9.)

///

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Los Angeles, CA 90048

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Los Angeles, CA 90048

Dated: August 15, 2025 **PRESTIGE LEGAL SOLUTIONS, P.C.**

_*/s/ Michelle Yang*_____
Michelle Yang, Esq.
Attorneys for Plaintiff,
**EDGAR I. ORTIZ**

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Los Angeles, CA 90048

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND PROCEDURAL HISTORY

On March 14, 2025, Plaintiff Edgar I. Ortiz ("Plaintiff") filed this action in the Superior Court of California for the County of Los Angeles, against Defendant General Motors LLC ("Defendant" and "GM") alleging breach of implied and express warranties under the (1) California Song-Beverly Consumer Warranty Act ("SBA") and (2) violations of the **Federal Magnuson-Moss Warranty Act** ("Magnuson-Moss ") arising out of Plaintiff's purchase of a 2024 Chevrolet Silverado 1500 ("Subject Vehicle"). (Declaration of Michelle Yang ¶ 3.)

The issues related to Defendant's untimely removal were brought to Defendant's Counsel's attention on August 1st and August 6th, when counsel for the Parties held a Local Rule 7-3 Conference regarding Defendant's clearly untimely and defective Notice of Removal. (Declaration of Michelle Yang ¶ 9.) Plaintiff's Counsel informed Defendant's counsel of their intention to file a Motion to Remand. (*Id.*, ¶ 9.) However, Defendants refused to acknowledge that their Notice of Removal was improper, despite the fact that Plaintiff's initial Complaint contained a Federal cause of action under the Magnuson-Moss Warranty Act. (*See generally*, Dkt. No. 1, Notice of Removal, Ex. A, hereinafter, "Complaint") Accordingly, through this Motion to Remand, Plaintiff requests "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C.§ 1447(c); see also *Jordan v. Nationstar Mortg*. LLC, 781 F.3d 1178, 1184 (9th Cir. 2015).

#### a. Procedural Posture Mandating Remand

On March 14, 2025, Plaintiff initially filed this action, which included a **Federal Magnuson-Moss claim**, in Plaintiff's chosen forum, the Los Angeles County Superior Court, alleging causes of action against Defendant for violations of the Song-Beverly Consumer Warranty Act, for breach of the express written warranty and for breach of the implied warranty of merchantability (See Comp.,

generally.) On March 18, 2025, Plaintiff personally served a copy of the Complaint and Summons on Defendant. (Declaration of Michelle Yang ¶ 5; Exhibit 1.) Thereafter, on April 17, 2025, Defendant filed their Answer in the Superior Court of California for the County of Los Angeles, in lieu of removing the matter to federal jurisdiction. 28 U.S.C. § 1446(b)(1) ["Section 1446(b)(1)"] (removing party must remove action within the 30 days after service of summons or complaint). (Declaration of Michelle Yang ¶ 6.)

On June 16, 2025, pursuant to Code of Civil Procedure § 871.26, Plaintiff produced a copy of the Subject Vehicle's Sales Agreement to all parties as part of Plaintiff's statutory disclosures. The Subject Vehicle's Sales Agreement identifies a total sales price of $70,053.20. (Declaration of Michelle Yang ¶ 6; Exhibit 2.)

On July 25, 2025, Defendant filed their Notice of Removal with the Central District, relying on 28 U.S.C. §§ 1332, and 1446, ECF No. 1. Defendant's Notice of Removal was filed 98 days after the thirty (30) day deadline for removal, which was April 18, 2025, as prescribed by 28 U.S.C. § 1446(b)(1). (Declaration of Michelle Yang ¶ 7.)

Defendant incorrectly contends that removal was not triggered by the Complaint because it purportedly fails to establish "the amount in controversy and Plaintiff's state of citizenship." (Dkt. 1, Notice of Removal, 2:19–20.) The Court should not be misled by Defendant's arguments, which are on their face misleading and unpersuasive. First, the complaint expressly states that Plaintiff is, and at all relevant times mentioned in the Complaint was, a resident of California. Plaintiff's Complaint, ¶ 2. Defendant's attempt to manufacture ambiguity where none exists should be rejected.

Second, the record clearly reflects that Defendant had sufficient information to plausibly allege satisfaction of the jurisdictional threshold, and overall removability of the action, during its statutory removal window. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("*Dart*") (the Supreme

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Los Angeles, CA 90048

Court establishing that notice of removal merely requires a ***plausible allegation*** that the Section 1332(a)'s jurisdictional threshold is met; ***evidentiary submissions concerning the amount in controversy are only required when either plaintiff, or the court, questions the propriety of removal***); *accord Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("*Ibarra*") (the Ninth Circuit reverberating the appropriate standard established by the Supreme Court for removal concerning the jurisdictional threshold.). Emphasis added.

Moreover, on June 16, 2025, Plaintiff produced to Defendant a copy of the Subject Vehicle's Sales Agreement. (Declaration of Michelle Yang ¶ 6; Exhibit 2.) This document clearly identifies a total sales price of $70,053.20, rendering the amount in controversy unquestionably ascertainable. Defendant nevertheless waited thirty-nine (39) additional days, well beyond the thirty (30) day removal window under § 1446(b)(1), before filing their Notice of Removal.

Accordingly, pursuant to 28 U.S.C. § 1447(c), this Court is required to remand this matter to State Court where it rightfully belongs.

## II. ALL PARTIES MET AND CONFERED PRIOR TO THE FILING OF PLAINITFF'S MOTION TO REMAND PURSUANT TO LOCAL RULE 7-3

As required under Local Rule 7-3, all Parties conducted a Microsoft Teams meet-and-confer conference on August 1, 2025 and August 6, 2025, raising, among other things, the issue of the timeliness of Defendant's removal. Despite Plaintiff's offer to stipulate to remand, Defendant has not agreed to do so as of the date of this filing. (Declaration of Michelle Yang ¶ 9.)

## III. STANDARD OF REVIEW

Remand must be ordered for any defect in the removal procedure. 28 U.S.C. § 1447(c). In order "to protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand." *Harris v. Bankers Life and Cas. Co.,* 425 F.3d 689, 698 (9th Cir.2005) citing Shamrock Oil & Gas Corp. v. Sheet,

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Los Angeles, CA 90048

313 U.S. 100, 108-09 (1941). Where "there is any doubt as to the right of removal in the first instance, remand ***must*** be ordered*." Ethridge v. Harbor House Rest*, 861 F.2d 1389, 1393 (9th Cir. 1988). Emphasis added. *See Buchner v. FDIC*, 981 F. 2d 816, 820 (5th Cir. 1993); 28 U.S.C. § 1447 (c). A district court, "...***must*** act on a timely **motion to remand** based on a defect in removal procedure." *Id.* at 219. Emphasis added. Additionally, the burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal to federal jurisdiction. *See Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008); see also *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). In short, "...federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d, at 566.

## IV. ARGUMENT

### a. Defendant's Removal Is Clearly Untimely

A failure to comply with Section 1446(1)(b)(3)'s thirty-day (30) limitation renders the removal procedurally defective, for which when a timely raised objection by plaintiff, mandates remand. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1192 n. 1 (9th Cir.1988); 28 U.SC. § 1447 et seq.; *see also Maniar v. F.D.I.C.*, 979 F.2d 782 (9th Cir. 1992) ("*Maniar*"). Plaintiff's initial Complaint contained a Federal Cause of Action under the Magnuson-Moss Warranty Act. A fact omitted from Defendant's Notice of Removal. This is the quintessential, and most straight-forward, basis for federal subject matter jurisdiction under 28 U.S.C. § 1331. *See, e.g., Merrell Dow Pharm. Inc. v. Thompson,* 478 U.S. 804, 808 (1986) ("The 'vast majority' of cases that come within this grant of jurisdiction are covered by Justice Holmes' statement that a 'suit arises under the law that creates the cause of action.'") (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.,* 463 U.S. 1, 9-10 (1983) and *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149 (1908)).

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Los Angeles, CA 90048

The Magnuson-Moss Warranty Act (15 U.S.C. § 2301 et seq.) is a separate **Federal** cause of action, with its own requirements and elements, independent of any California State Song-Beverly Act requirements. While the Magnuson-Moss Warranty Act allows remedies under the California Civil Code, the Magnuson-Moss provides its own cause of action, as alleged in Plaintiff's Complaint, and thus, does not at all turn on a state-law issue. Accordingly, Plaintiff's Complaint, with its independent claim under the Federal Magnuson-Moss Warranty Act, formed the basis of federal question jurisdiction when initially filed on March 14, 2025.This is grounds, alone, to grant Plaintiff's Motion, and to impose sanctions against Defendant for their untimely Notice of Removal and their refusal to remand this matter back to the Los Angeles Superior Court, Plaintiff's chosen forum. Therefore, the Court must remand this action to the Los Angeles Superior Court, Plaintiff's chosen forum.

**b. Plaintiff's Complaint was Sufficient for Defendant to Plausibly Allege Satisfaction of the Amount in Controversy and Subject Matter Jurisdiction.**

Notably, Defendant's Notice of Removal does not cite to any "other paper" which provided Defendant with new information amounting to its conclusion that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Instead, Defendant only states that it performed a preliminary investigation to determine Plaintiff's citizenship and the estimated amount in controversy. (Dkt. 1, Notice of Removal, 2:13–16.)

In *Dart*, the Supreme Court made clear that a notice of removal requires a mere ***plausible allegation*** that threshold requirement is met is to be accepted in good faith. See *Dart*, supra, at 89. With respect to evidentiary proof over this issue, the Supreme Court furthered that evidentiary submissions concerning the amount in controversy are necessitated only when the propriety of subject matter jurisdiction is questioned by a plaintiff or the court. *Id*. Emphasis added. Moreover,



PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Los Angeles, CA 90048

the Ninth Circuit has fallen in line with *Dart*'s central holding as it has echoed that a mere plausible allegation that the amount in controversy has been met, without the submission of corroborating evidence, suffices for removal. *Ibarra*, *supra*, at 1197.

Defendant were simply required to provide a plausible allegation that Plaintiff's remedies likely exceeded the jurisdictional threshold under the appropriate standard established by the *Dart* decision, and as accorded by *Ibarra*. Plaintiff emphasizes to the Court Defendant had more than sufficient information at its disposal to provide a plausible allegation regarding the satisfaction of the jurisdictional threshold. Given its sophisticated knowledge of the motor vehicle industry, Defendant GM has, at a minimum, a rudimentary understanding or ability to ascertain an approximation of the Subject Vehicle's market value as the manufacturer and distributor of the Subject Vehicle; especially given that the make, model, year, and VIN, were included within the factual bases alleged within the Complaint. Plaintiff's Complaint, ¶ 6. (Declaration of Michelle ¶ 3, Ex. 1.)

Defendant's position that it had no way of determining removability during the statutory removal window is further undermined by Plaintiff's Complaint and its accompanying papers. Tellingly, the four corners of Plaintiff's operative Complaint provided Defendant notice of the nature and monetary relief sought. *Id*. Specifically, both the caption page and the accompanying Civil Case Cover Sheet, expressly indicated that the claim was being brought under the state court's unlimited jurisdiction (seeking damages above $35,000.00). *Id*.

While Plaintiff's Complaint does not allege a specific monetary relief figure, it expressly lays out the specific forms of statutory relief sought under the Act. *Ibid*. Specifically, the Complaint seeks restitution of the amounts paid by Plaintiff and the amounts owed, as well as civil penalties and attorneys' fees afforded to

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Los Angeles, CA 90048

consumers, such as Plaintiff, under the Act.[1] *Ibid*. Thus, it follows logically that the restitution amount coupled with the demand for civil penalties and attorneys' fees under the Act, not to mention Defendant's sophistication in the market valuation of the vehicles it manufactures and sells, make it clear that the instant action was removable since Defendant was served with a copy of the Complaint and Summons. *Dart*, *supra*, at 84 (when a state-initiated complaint does not specify the amount in controversy, a defendant's notice of removal may do so; *see* 28 U.S.C. § 1446(c)(A); *see* Cal. Code Civ. § 1794 *et seq*.

Assuming, arguendo, that Defendant truly lacked the information necessary to reasonably ascertain the amount in controversy upon service of the Complaint, that excuse no longer holds after June 16, 2025. On June 16, 2025, Plaintiff produced the Subject Vehicle's Sales Agreement as part of its initial disclosures under California Code of Civil Procedure § 871.26, which identifies a total sales price of $70,053.20. (Declaration of Michelle Yang ¶ 6; Exhibit 2.) Upon receipt of this document, any remaining doubt as to the amount in controversy was resolved. Yet Defendant delayed an additional thirty-nine (39) days before filing their Notice of Removal on July 25, 2025.

Defendant's Notice of Removal does not cite to any "amended pleadings" or "other paper" which provided Defendant with new information amounting to its conclusion that this Court had jurisdiction pursuant to 28 U.S.C. §§ 1332, 1446. Instead, Defendant merely state that they performed a preliminary investigation to determine Plaintiff's citizenship and the estimated amount in controversy. (Dkt. 1, Notice of Removal.) Defendant further claim that this unspecified preliminary investigation revealed a plausible basis for subject matter jurisdiction (*Id*. at 4:1–4; 6:5–8.) Nowhere in the Notice of Removal, do Defendant identify any facts,

---

[1] As referenced above, Plaintiff's actual damages are at a minimum $35,000.00; hence Plaintiff bringing their lemon law claims within the unlimited jurisdiction of the state court. Under the Act, Plaintiff are entitled to 2x Plaintiff's actual damages as well as attorneys' fees. See Cal. Code Civ. § 1794 et seq. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, at 1155-1156 (9th Cir. 1998); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, at 699-700 (9th Cir.2007); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, at 1011 (2002).



PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Los Angeles, CA 90048

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Los Angeles, CA 90048

documents, or evidence purportedly uncovered through their investigation that would support an objectively reasonable basis for seeking removal within the second 30-day window. The absence of such detail renders Defendant's justification facially deficient.

Accordingly, Defendant's Notice of Removal is procedurally defective as it is untimely and this Court is required to remand the matter back to the Los Angeles County Superior Court.

**c. Defendant, As The Removing Party, Has Failed To Establish Subject Matter Jurisdiction**

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton,* 568 U.S. 251, 256 (2013) (internal quotation marks omitted). Under 28 U.S.C. section 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. Se*e City of Chi. v. Int'l Coll. of Surgeons,* 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. See 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991).

The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). *See also, Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). "[A]ny doubt about the right of removal requires resolution in favor of remand." (*Moore-Thomas,* 553 F.3d, 1244.) Indeed, the courts are presumed to lack jurisdiction unless the contrary appears affirmatively

from the record. *See, DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 n. 3 (2006).

Defendant has failed to meet its burden of demonstrating that removal was proper in any respect, as the removal was plainly untimely.

**V. PLAINTIFF IS ENTITLED TO ATTORNEYS' FEES, INCURRED AS A RESULT OF DEENDANTS' UNTIMELY REMOVAL**

When remanding a case, a court may, in its discretion, "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *see also Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015). Typically, a court may only award fees and costs when "the removing party lacked an objectively reasonable basis for seeking removal." *Id*. (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). In making this determination, courts should look at whether the removing party's arguments are "clearly foreclosed" by the relevant case law. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066-67 (9th Cir. 2008).

As described above, Defendant fails to demonstrate removal was timely. Here, Defendant's removal was filed 130 days after personal service of the complaint and an additional 39 days after receipt of the sales agreement.

Further, Defendant's Notice of Removal does not cite to any "other paper" that allegedly provided Defendant with new information amounting to its conclusion that this Court had jurisdiction pursuant to 28 U.S.C. §§ 1332, 1446 and triggered the second 30-day deadline for removal. Instead, Defendant vaguely assert they performed a preliminary investigation to determine Plaintiff's citizenship and the estimated amount in controversy. (Dkt. 1, Notice of Removal.) Defendant further claim that this unspecified preliminary investigation revealed a plausible basis for subject matter jurisdiction (*Id*. at 4:1–4; 6:5–8.) Nowhere in the Notice of Removal, do Defendant identify any facts, documents, or evidence purportedly

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Los Angeles, CA 90048

uncovered through their investigation that would support an objectively reasonable basis for seeking removal after the 30-day procedural deadline.

Defendant fails to provide *any legal or factual analysis, whatsoever*, to support its contention removal was timely and proper. While bad faith is not required before awarding fees under § 1447(c), Defendant's conduct thus far strongly suggests either a lack of effort, or lack of belief in its own contentions. (See Dk 1: NOR, generally). Indeed, it appears Defendant lack any "objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp*., 546 U.S. 132, 136 (2005). Therefore, Plaintiff is entitled to fees and costs for having to bring this Motion to Remand in the amount of $2,713.50.

## VI. CONCLUSION

Defendant's Notice of Removal is procedurally defective as it failed to timely file its Notice of Removal within the statutory deadline. Accordingly, Plaintiff respectfully requests that this Court remand the action to the Los Angeles County Superior Court where it rightfully belongs.

Dated: August 15, 2025

**PRESTIGE LEGAL SOLUTIONS, P.C.**

_/s/ Michelle Yang_ ______
Michelle Yang, Esq.
Attorneys for Plaintiff,
**EDGAR I. ORTIZ**

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Los Angeles, CA 90048

PRESTIGE LEGAL SOLUTIONS, P.C.
6420 Wilshire Blvd., Ste. 1400, Los Angeles, CA 90048

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Los Angeles, California; my business address is 6420 Wilshire Blvd., Ste. 1400 Los Angeles, CA 90048.

On the date below, I served a copy of the foregoing document entitled:

**NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in said case as follows:

**Served Electronically Via the Court's CM/ECF System**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Los Angeles, California on August 15, 2025.

*/s/ Michelle Yang*
Michelle Yang