UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

## CIVIL MINUTES – GENERAL

| Case No. | 5:25-cv-01921-MRA-JPR | Date | January 16, 2026 |
|---|---|---|---|
| Title | *Edgar I. Ortiz v. General Motors, LLC* | | |

**Present: The Honorable**    MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE

| Melissa H. Kunig | None Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:**    **(IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [13]**

Before the Court is Plaintiff's Motion to Remand (the "Motion"). ECF 13. The Court read and considered the moving, opposing, and reply papers and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons stated herein, the Court **GRANTS** the Motion and remands this matter to state court because removal was untimely.

## I.    BACKGROUND

Plaintiff Edgar I. Ortiz ("Plaintiff") filed this lawsuit against Defendant General Motors, LLC ("Defendant" or "GM") and Does 1 through 10 alleging violations of California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act") and the federal Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301–2312. ECF 1-1. Plaintiff alleges that, on or about March 25, 2024, he purchased a 2024 Chevrolet Silverado 1500 from GM. *Id.* ¶¶ 6, 9. GM provided an express written warranty for the vehicle. *Id.* ¶ 11. During Plaintiff's ownership of the vehicle, the vehicle manifested serious defects and nonconformities subject to and covered by GM's warranty. *Id.* ¶ 12. Although Plaintiff took the vehicle to GM to be repaired, GM failed to repair or replace the vehicle or pay any restitution in violation of state and federal law. *Id.* ¶¶ 14, 15. Plaintiff alleges that GM's failure to comply with the law was willful, and that he is entitled to relief. *Id.* ¶ 17. Specifically, Plaintiff seeks actual, consequential, and incidental damages according to proof; restitution; a civil penalty in the amount of two times Plaintiff's actual damages; remedies authorized by the California Commercial Code; costs of litigation, including attorneys' fees; prejudgment interest; and other equitable or legal relief as the Court deems proper. *Id.* at 11.

On March 14, 2025, Plaintiff filed this action in Los Angeles County Superior Court. ECF 1-1. As explained below, on June 16, 2025, Plaintiff provided GM with his initial disclosures,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:25-cv-01921-MRA-JPR | Date | January 16, 2026 |
|---|---|---|---|
| Title | *Edgar I. Ortiz v. General Motors, LLC* | | |

which included the sales contract, repair orders, and other information about the vehicle's condition. *See* ECF 18 at 4-5. On July 25, 2025, Defendant removed the case to federal court based on diversity jurisdiction alone. ECF 1. On August 15, 2025, Plaintiff filed the instant Motion, arguing that removal was untimely. ECF 13. Defendant opposes the Motion. ECF 15.

## II.    LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardians Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Removal of a state action to federal court is proper only if the district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). A federal district court may have original jurisdiction over a case through federal question jurisdiction or diversity jurisdiction. Federal question jurisdiction is present where a civil action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction is present where the amount in controversy exceeds the sum or value of $75,000, and there is complete diversity among opposing parties. 28 U.S.C. § 1332(a)(1).

In addition, a notice of removal ("NOR") must be filed within 30 days of the initial pleading or summons if, using a "reasonable amount of intelligence," the grounds for removability can be ascertained from such pleading or summons. 28 U.S.C. § 144(b)(1); *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139-40 (9th Cir. 2013). If the complaint does not reveal the grounds for removal, the NOR must be filed within 30 days of the defendant receiving an "amended pleading, motion, order or other paper" that reveals removability on its face. 28 U.S.C. § 1446(b)(3); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). This "other paper" must establish that removability is "unequivocally clear and certain." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1094 (9th Cir. 2021).

The removing defendant bears the burden of establishing that removal is proper. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006). Any doubt about the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## III.    DISCUSSION

Plaintiff argues that remand is warranted because Defendant did not timely remove this action under 28 U.S.C. § 1446(b).[1] ECF 13 at 7-11. Defendant insists that removal was not

---

[1] Plaintiff additionally argues that Defendant did not meet its burden of establishing subject

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:25-cv-01921-MRA-JPR | Date | January 16, 2026 |
|---|---|---|---|
| Title | *Edgar I. Ortiz v. General Motors, LLC* | | |

untimely because Plaintiff did not provide sufficient information to trigger the 30-day removal period under 28 U.S.C. § 1446(b)(1) or § 1446(b)(3).  ECF 15 at 14-27.  Having considered the parties' arguments and evidence, the Court concludes that even if removability was not clear at the time Plaintiff filed the Complaint, it was "unequivocally clear and certain" after Plaintiff provided his initial disclosures on June 16, 2025, and thus removal was untimely under section 1446(b)(3).

In addition to the state law claims, the Complaint alleges one federal claim brought under the Magnuson-Moss Warranty Act ("MMWA").  The MMWA allows consumers to bring suits for "damages and other legal and equitable relief" when a supplier fails to comply with an obligation under a written or implied warranty.  15 U.S.C. § 2310(d)(1).  While an MMWA claim may provide a basis for federal question jurisdiction, such a claim is not cognizable unless the amount in controversy exceeds $50,000 (exclusive of interests and costs).  *Id.* § 2310(d)(3)(B).  The amount in controversy is computed based on all the claims in the lawsuit, not just the MMWA claim.  *Id.*  Courts analyze the amount in controversy under the MMWA using the same principles used to analyze the amount in controversy for purposes of diversity jurisdiction.  *See Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005) ("There is nothing in the text of the Magnuson-Moss Act that would indicate that the amount in controversy for that statute is assessed any differently than the diversity jurisdiction requirement found in 28 U.S.C. § 1332.").  Since the MMWA does not specify the appropriate measure and type of damages, "courts, including the Ninth Circuit, have turned to the applicable state law to determine what remedies are available under the Act, which of necessity informs the potential amount in controversy."  *Id.* at 1239 (citing *Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1039 (9th Cir. 2004) ("State law generally guides courts in determining whether punitive damages are available as a remedy for breach of warranty under the [MMWA].")); *see also Espiritu v. Gen. Motors*, No. CV 25-07952-DMG (BFMX), 2025 WL 3295484, at *2 (C.D. Cal. Nov. 26, 2025) (same).

Here, the applicable state warranty law is the Song-Beverly Act.  Damages under the Song-Beverly Act are measured by "the purchase price paid by the buyer, less that amount directly attributable to use by the buyer prior to the discovery of the nonconformity."  Cal. Civ. Code § 1793.2(d)(1).  The maximum civil penalty under the Song-Beverly Act is two times the amount of actual damages.  Cal. Civ. Code § 1794(c).  *See Espiritu*, 2025 WL 3295484, at *2 ("Civil

---

matter jurisdiction at the time of removal.  ECF 13 at 11-12.  This argument, however, is inconsistent with Plaintiff's argument that Defendant had sufficient information to remove the case within 30 days of the filing of the Complaint or within 30 days of receiving his initial disclosures.  In any event, as discussed above, the Court would have subject matter jurisdiction over this action but for the untimeliness of the removal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:25-cv-01921-MRA-JPR | Date | January 16, 2026 |
|---|---|---|---|
| Title | *Edgar I. Ortiz v. General Motors, LLC* | | |

penalties are available under the applicable state law—here, the Song-Beverly Act—and can be considered to determine the MMWA amount in controversy.").  Thus, the Court must determine the potential remedies available to Plaintiff under the Song-Beverly Act and whether they placed at least $50,000 in controversy.

The June 16 disclosures included the vehicle sales contract—which identified the total vehicle sales price as $70.053.20—and some or most of the repair orders, as well as a letter from counsel further describing the condition of the vehicle at the time of the disclosure.  ECF 13 at 10-11; ECF 18 at 4-5.  GM relied on this same information in its NOR, in which it states that it "has estimated the purchase price for the subject 2024 Chevrolet Silverado to be $70,053.20," and that a "preliminary investigation also estimated $11,009.58 in total deductions including estimates of statutorily required deductions for mileage offset, third-party service contracts, manufacturer's rebate, and negative equity."  ECF 1 at 4-5 (citing Code Civ. Proc. §§ 871.26, 1793.2(d)(2)(B)).  In addition, the NOR states that, in order to assess and deduct the mileage offset, "GM must also analyze the sales contract to consider line items that are included in the total sales price that reflect required offsets provided for in AB1755, including: negative equity (*id.*, § 871.27(c)) manufacturer's rebate (*id.*, § 871.27(d)), and any third party sold optional equipment, service contract or other items set out in § 871.27(a)."  Based on this information, GM concluded that the "plausible estimate of actual damages" under Song Beverly is $59,043.62.  *See* ECF 1 at 4-5.  Given GM's own reasonable estimation and conclusion that actual damages alone exceed $50,000, the amount in controversy in this case is well above the jurisdictional threshold for federal question jurisdiction.  In addition, as GM stated in its NOR, "[c]onsidering the combination of actual damages, civil penalties, past, and conservatively calculated future attorney's fees, the amount in controversy meaningfully exceeds $75,000" for diversity jurisdiction as well.  ECF 1 at 6.

Because Plaintiff's June 16 disclosures—particularly the sales contract—made it "unequivocally clear and certain" that the amount in controversy exceeded $50,000, GM had 30 days from that point forward to remove to federal court under 28 U.S.C. § 1446(b)(3).  GM did not file its NOR until July 25, 2025—*39 days* after the June 16 disclosures.  ECF 1.  GM attempts to sidestep this fact by arguing that neither the Complaint nor the June 16 disclosures were "unequivocally clear and certain" about Plaintiff's citizenship or the amount in controversy.  GM's arguments are unavailing.  First, even if Plaintiff's citizenship was indeterminable from the pleadings for purposes of establishing diversity jurisdiction, the federal MMWA claim provided a separate and arguably clearer basis for removal.  Second, Defendant argues that the June 16 disclosures were incomplete under the Song-Beverly Act and insufficient because they did not contain information such as loan history and payoff amounts, which Plaintiff did not provide until July 27, 2025.  *See* ECF 15 at 13-14.  This argument is unpersuasive, because even

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:25-cv-01921-MRA-JPR | Date | January 16, 2026 |
|---|---|---|---|
| Title | *Edgar I. Ortiz v. General Motors, LLC* | | |

if the disclosures did not allow Defendant to calculate the exact dollar value with specificity, the sales contract provided the vehicle purchase price ($70,053.20), finance charges ($20,047.95), the amount financed ($48,755.25), the total downpayment ($1,250), and the monthly payments ($716.70) for 95 months beginning May 9, 2024, and ending April 9, 2032.  In addition, the disclosures described the current condition of the vehicle, including its mileage (15,000 miles), that the vehicle had not been in a collision or accident prior to the nonconformity, that the vehicle had not been modified after purchase, and that the vehicle was in Plaintiff's possession.  In other words, the Court agrees with Plaintiff that "[t]hose documents supplied all figures needed to calculate actual damages, apply the statutory mileage offset, and determine whether the $50,000 jurisdictional threshold under 15 U.S.C. § 2310(d)(3)(B) was satisfied."  ECF 18 at 4-5.  GM also argues that the June 16 disclosures were insufficient because the parties were in settlement negotiations during this time, and that only "once it became clear that this matter would not resolve early, significant future attorney's could be reasonably included in the amount in controversy."  ECF 15 at 14.  But the amount-in-controversy calculation for federal question jurisdiction was not dependent on attorney's fees.  In fact, the MMWA does not allow for recovery of costs and fees.  *See* 15 U.S.C. § 2310(d)(3)(B).

Thus, the Court finds that the June 16 disclosures met the "unequivocally clear and certain" standard for removability under 28 U.S.C. § 1446(b)(3).  The deadline to file the NOR was July 16, 2025.  GM did not file its NOR until July 25, 2025.  Accordingly, the NOR is untimely under 28 U.S.C. § 1446(b)(3).

## IV.    CONCLUSION

For the foregoing reasons, the Motion to Remand is **GRANTED**.  This case shall be remanded to Los Angeles County Superior Court.  Case No. 25STCV07313.

**IT IS SO ORDERED.**

- : -

Initials of Deputy Clerk        mku